# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD LISCANO,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,[1] Commissioner of Social Security,<br><br>Defendant. | Case No. 1:18-cv-00431-BAM<br><br>ORDER DISMISSING ACTION FOR FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE<br><br>(Doc. No. 23) |

**I.  Background**

On March 29, 2018, Plaintiff Bernard Liscano ("Plaintiff") filed a complaint seeking review of the Commissioner of Social Security's denial of his social security benefits. (Doc. No. 1.)[2] On April 25, 2018, this Court entered a scheduling order in this action. (Doc. No. 7.) Pursuant to the Court's scheduling order, Plaintiff was required to prosecute this action by either seeking voluntary remand or filing a dispositive motion within 95 days from the date of service of the administrative record by Defendant. Plaintiff was warned that failure to comply may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders. *See* Local Rule 110.

---

[1]  Andrew M. Saul is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit.

[2]  The parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). (Doc. Nos. 9, 20.)

1

The administrative record was filed and served on September 6, 2018. (Doc. No. 11.) Plaintiff's opening brief was therefore due no later than December 10, 2018. However, Plaintiff had not filed his opening brief, and, on January 29, 2019, the Court issued an order to show cause why this action should not be dismissed for failure to comply with the Court's order and failure to prosecute this action. (Doc. No. 13.) On February 12, 2019, Plaintiff filed a motion seeking a sixty (60) day extension of time to respond to the Court's order to show cause. (Doc. No. 14.) Plaintiff explained that he was not aware that the administrative record had been filed and he was in the process of seeking legal advice. As the motion appeared to explain why Plaintiff failed to timely file his opening brief, on February 14, 2019, the order to show cause was discharged and Plaintiff was ordered to file his opening brief within sixty (60) days of service of the Court's order. (Doc. No. 17)

On April 15, 2019, Plaintiff filed a motion requesting a further sixty-day extension of time to file his opening brief. (Doc. No. 19.) According to the motion, Plaintiff had been unable to locate an attorney to take his case and he was waiting for an opening with a paralegal agency to assist him in preparing his opening brief. (*Id.*) Plaintiff further stated that counsel for the Commissioner verbally agreed to a two-month extension of time for Plaintiff to file his opening brief. (*Id.*) Accordingly, on April 18, 2019, the Court granted Plaintiff's motion for an extension of time to file his opening brief. (Doc. No. 21.) Plaintiff was ordered to file his opening brief within sixty (60) days of service of the Court's order. (*Id.*) On April 19, 2019, Plaintiff was served by mail with a copy of the Court's order at his last known address.

Plaintiff failed to file a timely opening brief and, on July 8, 2018, the Court issued an order to show cause why this action should not be dismissed due to Plaintiff's failure to obey court orders and failure to prosecute. (Doc. No. 22.) Plaintiff was required to file a written response by July 24, 2019. (*Id.*) However, Plaintiff was not served with a copy of the Court's July 8, 2019 order and, on July 23, 2019, the Court accordingly issued an amended order to show cause in order to allow Plaintiff an opportunity to respond. (Doc. No. 23.) Plaintiff was served by mail with a copy of the Court's amended order at his last known address and his written response was due by August 16, 2019. (*Id.*) Plaintiff was advised that his failure to respond to the order

would result in the dismissal of this action for failure to obey a court order and failure to prosecute. (*Id.*) The Court's amended order has not been returned as undeliverable. Plaintiff has not filed a written response or an opening brief and the time period for doing so has expired.

**II.      Discussion**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988); *see also In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (standards governing dismissal for failure to comply with court orders). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

The Court finds that the public's interest in expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. Here, the action has been pending since March 29, 2018, and Plaintiff has not filed an opening brief, communicated with the Court in response to the pending order to show cause, or otherwise prosecuted this action. This case

can proceed no further without Plaintiff's cooperation and compliance with the Court's order. Moreover, the matter cannot simply remain idle on the Court's docket, unprosecuted, awaiting Plaintiff's compliance.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, as a presumption of injury arises from any unreasonable delay in prosecuting an action. *In re PPA*, 460 F.3d at 1227–28; *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976); *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re PPA*, 460 F.3d at 1228.

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; Henderson, 779 F.2d at 1424. The Court's April 18, 2019 order granting Plaintiff an extension of time to file his opening brief warned Plaintiff that his failure to file a timely opening brief would result in dismissal of this action with prejudice. (Doc. No. 21.) The Court's July 23, 2019 order to show cause further warned Plaintiff that his failure to respond to the order to show cause by August 16, 2019, would result in dismissal of this action with prejudice. (Doc. No. 23.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance. Additionally, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions or the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

///

///

///

///

///

///

**III.     Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED that this action be dismissed with prejudice based on Plaintiff's failure to prosecute this action and for failure to obey court orders. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:     **August 26, 2019**              /s/ *Barbara A. McAuliffe*  
                                                                    UNITED STATES MAGISTRATE JUDGE